*In re* SNYDER

Docket Nos. 194614, 195187. Submitted March 4, 1997, at Lansing. Decided April 18, 1997, at 9:25 A.M.

The Department of Social Services initiated child protective proceedings in the Clinton County Probate Court, seeking to have the court take jurisdiction over the minor children of James W. Snyder and Rebecca Snyder on the basis of the inability of the parents to provide proper care. The court, Marvin E. Robertson, J., following an adjudicative trial, placed the children in foster care. While the children were in foster care, the department petitioned for the termination of the parental rights of both parents, asserting, for the first time, sexual abuse of the children by the parents. The court, following a dispositional hearing, terminated the parental rights of both parents on the basis of sexual abuse and other grounds. Each parent appealed, both claiming that the probate court erred in admitting hearsay testimony concerning the children's statements about their sexual abuse. The appeals were consolidated.

The Court of Appeals *held*:

1. The rules of evidence apply at the adjudicative phase of a child protective proceeding, MCR 5.972(C)(1), but not at the dispositional phase, MCR 5.973(A)(4)(a). Where, as here, the grounds for termination of parental rights at the dispositional phase include some that were not asserted for probate court jurisdiction at the adjudicative phase, the new grounds must be supported with evidence that complies with the rules of evidence.

2. MCR 5.972(C)(2) provides that hearsay testimony of sexual abuse of a child is admissible at an adjudicative trial if the court has found that the nature and circumstances surrounding the child's statement provide adequate indicia of trustworthiness. In this case, the foundational requirements for admission of the challenged hearsay evidence were not met, and the probate court therefore erred in admitting the evidence. However, because the parents failed to object in the proceedings below, they have not preserved the issue for appeal. A miscarriage of justice will not result if the Court of Appeals does not grant relief on the parents' unpreserved claim.

Affirmed.

1. Parent and Child — Child Protective Proceedings — Termination of Parental Rights.

   The rules of evidence apply at the adjudicative phase of a child protective proceeding, but not at the dispositional phase; where the ground for termination of parental rights at the dispositional phase is different from the ground asserted for probate court jurisdiction at the adjudicative phase, the ground for termination must be established by evidence that complies with the rules of evidence (MCR 5.972[C][1], 5.973[A][4][a]).

2. Appeal — Evidence — Lack of Objection.

   A claim that a trial court erred in ruling with respect to the admissibility of evidence does not establish a basis for appellate relief in the absence of a timely objection at trial unless a miscarriage of justice would result (MRE 103[a][1]).

*Charles D. Sherman*, Prosecuting Attorney, and *Brian A. Ameche*, Assistant Prosecuting Attorney, for Department of Social Services.

*Jon L. Rise*, for James Snyder.

*Sondra K. Stapelman*, for Rebecca Snyder.

Before: FITZGERALD, P.J., and MacKENZIE and TAYLOR, JJ.

FITZGERALD, P.J. This is a termination-of-parental-rights case. The parents appeal as of right a probate court decision to terminate their rights on the basis of physical or sexual abuse, failure to prevent physical or sexual abuse, the continued existence of conditions that led to the adjudication, the existence of other conditions, failure and inability of the parents to provide proper care, and that the children will be harmed if returned to the parents' custody. MCL 712A.19b(3)(b)(i), (b)(ii), (c)(i), (g), and (j); MSA 27.3178(598.19b)(3)(b)(i), (b)(ii), (c)(i), (g), and (j). We affirm.

The children were removed from the mother's home because of its unsafe and unsanitary condition. The mother and father were separated at that time and were later divorced. While the children were in foster care, the mother was charged with malicious destruction of property after she and a boyfriend went on a spree of shooting out windows with a slingshot. Also while the children were in foster care, the father was charged with felonious assault after he and the mother got into an altercation in a public parking lot and he was seen brandishing a gun. Most importantly, though, the children made statements and engaged in conduct that led the caseworkers to believe that the children had been sexually abused by both parents. A termination petition was then filed.

At the termination hearing, the children did not testify. Instead, caseworkers and therapists testified regarding what was said by the children and their foster mother.

On appeal, both parents argue that the allegations of sexual abuse constituted new grounds for termination of their parental rights, not having been alleged in the initial petition, and they further contend that, consequently, such new allegations cannot be proved by hearsay evidence. We agree in part, but find that any error was not preserved and does not rise to the level of error warranting appellate relief.[1]

This case presents an issue of first impression. The parents contend that this case presents a conflict between two subsections of MCR 5.974 regarding whether hearsay is admissible to prove new grounds

---

[1] Readers of this opinion should note that this discussion concerns children who do not qualify as American Indian children as defined by 25 USC 1901 *et seq.*

for termination where, as here, the children are already in foster care under the jurisdiction of the probate court.

At an initial trial during the adjudicative phase of child protective proceedings (to determine whether the probate court has jurisdiction over a child), the rules of evidence generally apply. MCR 5.972(C)(1) provides:

> Except as provided in these rules, the rules of evidence for a civil proceeding and the standard of proof by a preponderance of the evidence apply at the *trial*, notwithstanding that the petition contains a request to terminate parental rights.

The parents contend that this rule precludes the use of hearsay when, equivalently, new grounds for termination of parental rights, not mentioned in the original petition on which an initial adjudicative phase trial was conducted, are presented. While the reasoning underlying this argument is sound, the major premise—that hearsay cannot be used in a termination proceeding when trial is combined with an adjudicative hearing—is erroneous.

A dispositional hearing is conducted for the purpose of determining appropriate measures to be taken by the probate court with respect to any child properly within its jurisdiction (and, when applicable, against any adult) once the court has determined, following an adjudicative-phase trial (or plea of admission or of no contest), that the child comes within its jurisdiction. MCR 5.973(A). Because of this clear bifurcation between adjudicative *trials* and dispositional *hearings*, in which respect it is important to note that the court rules mirror the statutory frame-

work, MCL 712A.2(b); MSA 27.3178(598.2)(b); MCL 712A.19b; MSA 27.3178(598.19b), court rules addressing the principles of evidence applicable to one type of proceeding ought not to be confused with those addressing the other. Nothing in MCR 5.972(C)(1) contradicts MCR 5.973(A)(4)(a), which in relevant part provides:

> The Michigan Rules of Evidence do not apply at the initial *dispositional* hearing. All relevant and material evidence, including oral and written reports may be received and may be relied on to the extent of its probative value, even though such evidence may not be admissible at trial.

Thus, if termination of parental rights is sought in the initial petition, the Michigan Rules of Evidence normally used in civil proceedings apply to the adjudicative portion of the hearing, at which the standard of proof is a preponderance of the evidence. However, with respect to termination (assuming jurisdiction over the child is established at the adjudicative phase of the trial), the Michigan Rules of Evidence do not apply, and the standard of proof is clear and convincing evidence, MCL 712A.19b(3); MSA 27.5178(598.19b)(3), as required by the Due Process Clause of the Fourteenth Amendment. *Santosky v Kramer*, 455 US 745; 102 S Ct 1388; 71 L Ed 2d 599 (1982). See also MCR 5.974(D)(3), (E)(1), and (F)(3).

But the court rules distinguish two situations: (1) the basis for the court taking jurisdiction of a child is related to the basis for seeking termination of parental rights, and (2) the basis for the court taking jurisdiction of a child is unrelated to the basis for seeking termination of parental rights. In the first situation, legally admissible evidence (under the rules normally

used in civil proceedings) will already have been adduced at the adjudicative-phase trial, and thus *supplemental* proofs, which are presented on a background of such legally admissible evidence, need not be admissible under the Michigan Rules of Evidence. MCR 5.974(D)(3) (termination sought in initial petition); MCR 5.974(F)(2) (termination based on grounds related to those established in initial petition). This will almost always be the case when termination is sought in the original petition.

In the second situation, the basis for terminating parental rights lacks this background of legally admissible evidence from the adjudicative phase and, thus, such a foundation must be laid before probative evidence not admissible under the Michigan Rules of Evidence may be considered. MCR 5.974(E)(1). This may or may not be the case when termination is sought after the filing of the initial petition, depending on the grounds for termination alleged. Here, because it is conceded the grounds for termination are unrelated to the basis on which the probate court initially established its jurisdiction over the children, such legally admissible evidence was necessary to establish the factual basis for a finding of parental unfitness warranting termination on any of the grounds specified in § 19b. This is what distinguishes MCR 5.974(E), which by its terms applies when the petition for termination is based on one or more circumstances new or different from the offense that led the court to take jurisdiction, and MCR 5.974(F)(2), which, although containing no limiting terminology, follows MCR 5.974(E) with its specific mandate and thus applies only to those matters not within the scope of MCR 5.974(E). *Ladd v Ford Consumer*

*Finance Co, Inc,* 217 Mich App 119, 128; 550 NW2d 826 (1996).

Accordingly, termination of these respondents' parental rights solely on the basis of evidence not admissible in ordinary civil proceedings would be improper. The issue presented is whether in terminating respondents' parental rights the probate court exclusively considered only hearsay otherwise inadmissible in ordinary civil proceedings.

MRE 803A, the modified "tender years exception" to the hearsay rule, makes a statement describing an incident that included a sexual act performed with or on a declarant under ten years of age by the defendant or an accomplice admissible to the extent it corroborates testimony given by the declarant during the same proceeding if the statement is spontaneous, made immediately after the incident or with excusable delay such as that caused by fear or other equally effective circumstance. That rule does not apply here because none of the three possible declarants testified.

The court rules, however, provide a further modification of the general hearsay rule for child protective proceedings. MCR 5.972(C)(2) provides:

> A statement made by a child under ten years of age describing an act of child abuse as defined in section 2(c) of the child protection law, MCL 722.622(c); MSA 25.248(2)(c), performed with or on the child, not otherwise admissible under an exception to the hearsay rule, may be admitted into evidence at the trial if the court has found, in a hearing held prior to trial, that the nature and circumstances surrounding the giving of the statement provide adequate indicia of trustworthiness, and that there is sufficient corroborative evidence of the act.

The hearsay testimony at issue here is of this ilk, although no hearing in limine was held by the probate court inquiring into the "nature and circumstances surrounding the giving of the statements" to determine whether there were "adequate indicia of trustworthiness." Similarly, the existence of the requisite level of corroborative evidence of the act was not addressed.

Had there been timely objection, these omissive errors of the probate court would require vacation of its decision terminating respondents' parental rights and remand for further proceedings in the nature of a preliminary foundational hearing to establish the admissibility of the hearsay under MCR 5.972(C)(2), or in the alternative a new hearing on the termination petition. However, there was no objection *on this basis* or request for such foundational hearing, presenting this Court with unpreserved nonconstitutional error—the error is nonconstitutional because the probate court did apply the constitutionally prescribed clear and convincing evidence test in making its findings of fact.

Unpreserved nonconstitutional "plain error" of this type is subject to a harmless-error analysis on appeal. *People v Grant*, 445 Mich 535, 553; 520 NW2d 123 (1994). This particular error merely involves the admissibility of evidence, which ordinarily would not establish a basis for appellate relief in the absence of timely trial objection unless a miscarriage of justice would result. MRE 103(a)(1); *Napier v Jacobs*, 429 Mich 222; 414 NW2d 862 (1987); *Seventeenth Dist Probate Court v Gladwin Co Bd of Comm'rs*, 155 Mich App 433; 401 NW2d 50 (1986). Because there is every reason to conclude from this record that peti-

tioner would have been able to satisfy these foundation admissibility requirements if given the opportunity, no miscarriage of justice will result if appellate relief is denied. Further, if any of the evidence on which the probate court, as trier of fact, relied could have been admitted, any error in failing to conduct the prerequisite foundational hearing was not decisive of the outcome and, therefore, harmless. *Grant, supra.* In the absence of the requisite level of prejudice, this unpreserved error fails to provide a basis for appellate relief.

Affirmed.