*In re* GILLIAM

Docket No. 218044. Submitted January 19, 2000, at Detroit. Decided May 12, 2000, at 9:20 A.M.

In 1996, the Family Independence Agency petitioned the Wayne County Probate Court, seeking that the court assume jurisdiction over the minor children of Loyzes Gilliam, Sr., and Ina Ray Gilliam. The petition alleged that the children had suffered smoke inhalation after a fire broke out in the respondent mother's apartment where the children had been left alone, that the children's parents were separated, and that the respondent father had indicated that he did not have a suitable home for the children and was unable to plan for them at that time. The court assumed jurisdiction and placed the children in foster care. In 1998, the agency filed a supplemental petition with the successor court, the Family Division of the Wayne Circuit Court, seeking termination of parental rights and alleging, for the first time, that the respondent father had tested positive for cocaine or amphetamine use on a number of occasions following the filing of the original petition and that he had failed to attend parenting classes and drug abuse therapy. At the termination hearing, testimony was admitted, over a hearsay objection by counsel for the respondent father, concerning the results of the drug tests, despite the witness' testimony that she did now know how the tests were conducted or the accuracy rate for the tests. Another witness testified, again over a hearsay objection, that the children had anxiety about visiting their father because of his inability to control his anger. The court, Frances Pitts, J., terminated the parental rights of the respondent father on the basis of its finding that the children would be at risk if they were returned to their father because of his problems with anger management and drug abuse. The respondent father appealed.

The Court of Appeals *held*:

1. The court abused its discretion in admitting hearsay testimony concerning the respondent father's alleged drug abuse problem and the children's anxiety about visiting him because of his problem with anger management. MCR 5.972(C)(1) provides that the rules of evidence apply at the adjudicative phase of a child protective proceeding. MCR 5.973(A)(4)(a) provides that the rules of evidence do not apply at the dispostional phase of a child protective pro-

ceeding, but rather all relevant and material evidence can be used if it has probative value, even if such evidence would not be admissible at a trial. However, MCR 5.974(E)(1) provides that if the termination of parental rights is sought on a new or different basis from that which led to the court's original assumption of jurisdiction, "[l]egally admissible evidence must be used to establish the factual basis of parental unfitness sufficient to warrant termination of parental rights."

2. Because the primary factors relied on by the trial court in terminating the parental rights of the respondent father were its findings that he had an ongoing substance abuse problem and an anger management problem, and because neither of those circumstances was related to the basis on which the court originally assumed jurisdiction, those matters were required to be proved by legally admissible evidence. The only evidence establishing these new and different circumstances was inadmissible hearsay evidence. Accordingly, the court's erroneous admission of the hearsay testimony cannot be said to have been harmless, and reversal of the order terminating respondent father's parental rights is warranted.

3. The analysis found in *In re Snyder*, 223 Mich App 85 (1997), of the language and interplay of the court rules relating to the use of evidence in proceedings relating to the termination of parental rights was correct.

Reversed and remanded.

BANDSTRA, C.J., concurring, agreed that this matter must be reversed under the core holding of *In re Snyder*, 223 Mich App 85 (1997), but wrote separately to question the analysis in *Snyder* of the language of the relevant court rules insofar as it concerned matters that were not critical to the outcome in that case and to encourage the Supreme Court to consider amendments of the relevant court rules to address the problems caused by the language of the present court rules.

PARENT AND CHILD — CHILD PROTECTIVE PROCEEDINGS — TERMINATION OF PARENTAL RIGHTS.

The rules of evidence apply at the adjudicative phase of a child protective proceeding, but not at the dispositional phase; where the ground for termination of parental rights at the dispositional phase is different from the ground asserted at the time the court took jurisdiction of the matter, the ground for termination must be established by evidence that complies with the rules of evidence (MCR 5.972[C][1], 5.974[E][1][a]).

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, *Judy Hartsfield,* Assistant in Charge, and *Larry W. Lewis,* Assistant Attorney General, for petitioner.

*Marcia J. Covert,* for Loyzes Gilliam, Sr.

Before: BANDSTRA, C.J., and HOLBROOK, JR., and FITZGERALD, JJ.

HOLBROOK, JR., J. Respondent father appeals as of right from the family court order terminating his parental rights to his minor children under MCL 712.19b(3)(c)(i), (3)(g), and (3)(j); MSA 27.3178(598.19b)(3)(c)(i), (3)(g), and (3)(j). We reverse and remand.

In February 1996, petitioner, Family Independence Agency, filed the initial petition in this matter asking for the court to assume jurisdiction over the four minor children. Petitioner alleged that the children had suffered smoke inhalation after a fire broke out in respondent mother's apartment. The petition asserted that at the time of the fire, the children had been left alone in the apartment by respondent mother. The petition also alleged that respondent father, who was separated from respondent mother at the time of the fire, had indicated that he did not have a suitable home for the children and was not able to plan for them at that time. A supplemental petition was filed in July 1998. This later petition contained new and different allegations. Specifically, the supplemental petition alleged that respondent father had tested positive for cocaine use twice in 1996 and for cocaine or amphetamine use on eight occasions in

1998 and that he had failed to attend parenting classes and drug abuse therapy.[1]

Two witnesses were called by petitioner at the termination hearing. Esther Ryans, who worked at Evergreen Counseling Service (hereinafter Evergreen), testified that several drug screens submitted by respondent father had come back positive. Respondent father's hearsay objection to this testimony was overruled by the trial court. Ryans admitted that she did not know how the tests were conducted or what their accuracy rate was and that respondent father had consistently questioned the accuracy of the testing procedures and results obtained. The second witness was Kristin White, a therapist with Evergreen, who had been working with the children since July 1997. White testified that some of the children had anxiety about visiting with respondent father because of his inability to control his anger. Respondent father's hearsay objection to this testimony was also overruled by the court. Ultimately, the court concluded that because of respondent father's possible substance abuse and anger management problems, the children would be at risk if they were returned to him.

Respondent father first contends that the trial court abused its discretion in admitting hearsay testimony concerning possible drug abuse and the children's anxiety over visiting with him. We agree. The rules of evidence apply at the adjudicative phase of a child protective proceeding. MCR 5.972(C)(1). However, the rules of evidence do not apply at the dispositional

---

[1] Drug testing, parenting classes, and therapy were some of the conditions set forth in the parent-agency treatment plan. Petitioner agreed at the termination hearing not to pursue other allegations of abuse.

phase of the proceeding. MCR 5.973(A)(4)(a). Instead, "[a]ll relevant and material evidence . . . may be received and may be relied on to the extent of its probative value, even though such evidence may not be admissible at trial." *Id.* If termination is sought on the basis of one or more circumstances "new or different" from those that led to the original assumption of jurisdiction, "[l]egally admissible evidence must be used to establish the factual basis of parental unfitness sufficient to warrant termination of parental rights." MCR 5.974(E)(1).

The primary factors relied on by the trial court for terminating respondent father's parental rights were an ongoing substance abuse problem and problems with anger management. Neither of these circumstances was related to the court's initial assumption of jurisdiction. Accordingly, these matters were required to be proved by legally admissible evidence. *Id.*; *In re Snyder*, 223 Mich App 85, 88-91; 566 NW2d 18 (1997). However, only inadmissible hearsay evidence was presented to establish both of these new and different circumstances. MRE 801. The drug abuse allegation was supported by drug screen results testified to by Ryans, while White's testimony was the only evidence presented relative to the issue of how respondent father's alleged anger management problems may have affected the children. Given that no legally admissible evidence was presented to establish these new circumstances, we conclude that the erroneous admission of this hearsay testimony was not harmless.

Accordingly, we conclude that reversal is warranted. At the hearing regarding the supplemental petition, any allegations of new or different circum-

stances from those that justified the original assumption of jurisdiction must be established with legally admissible evidence. Because of our disposition of this issue, we need not address respondent father's claim that insufficient evidence was introduced to support the termination of parental rights.

Finally, we will address the concurring judge's criticisms of *In re Snyder*. While we sympathize with our brother's comments regarding the type of evidence that should be relied on by a court when faced with terminating a parent's fundamental interest in the care, custody, and management of the parent's children, we do not agree that *In re Snyder* misconstrues the relevant court rules. We believe that the *In re Snyder* analysis of the plain language and interplay of the relevant court rules was correct.

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

FITZGERALD, J., concurred.

BANDSTRA, C.J., (*concurring*). I agree with the majority that this matter must be reversed under the core holding of *In re Snyder*, 223 Mich App 85; 566 NW2d 18 (1997), that legally admissible evidence is required in termination proceedings brought on the basis of new or different circumstances unrelated to the offense that led the court to take jurisdiction. I write separately to question the scope of language found within *Snyder* concerning matters that were not critical to its outcome.

*Snyder* says that whenever the basis for the court taking jurisdiction is related to the basis for seeking termination, legally admissible evidence need not be introduced to establish the basis for termination. *Sny-*

*der, supra* at 90. However, the rules require legally admissible evidence to support termination if it is sought at the initial dispositional hearing, without regard to whether the bases for jurisdiction and for termination are related to one another. MCR 5.974(D)(3). Similarly, it is at least arguable that all forms of termination proceedings require legally admissible evidence to establish the statutory basis for termination. 5 Martin, Dean & Webster, Michigan Court Rules Practice, pp 759-760 (legally admissible evidence must be introduced to support the grounds for termination in cases brought under MCR 5.974[D], MCR 5.974[E], and MCR 5.974[F]). On the other hand, there is commentary that would lead to the conclusion that legally admissible evidence is not required in termination proceedings under MCR 5.974(F). Note following MCR 5.993, Mich Ct R, p R 5.9-61; Staff Comment relative to order entered March 27, 1989, Mich Ct R, p R 5.9-65; see also 5 Martin, Dean & Webster, Michigan Court Rules Practice, pp 813, 819 (when the basis for termination of rights is provided in a supplemental petition, and does not allege a new or different circumstance, the basis for termination may be proved by material and relevant evidence; when new or different circumstances are alleged, bases for termination must be proved by legally admissible evidence); Newman, *Evidentiary Rules and Standards of Proof in Child Neglect and Abuse Cases,* 75 Mich B J 1165, 1167 (1996) (when a supplemental petition is filed under MCR 5.974[F], the evidentiary standard is relaxed to allow all relevant and material evidence to the extent of its probative value.)

In my view, although any relevant and material evidence may be used in determining whether it is in the best interests of the child to terminate parental rights, only legally admissible evidence may be used when determining whether the statutory basis for termination has been established. In other words, I find the evidentiary standards found in subsections 1 and 2 of MCR 5.974(E) to be applicable in all termination contexts. I would not limit those standards as applying only where circumstances "new or different" from those supporting jurisdiction are alleged in support of termination. To the extent that MCR 5.974(F)(2) permits the court to consider "evidence . . . not . . . admissible at trial," that evidence may only be considered on the "best interests" question.

In a similar vein, I question the statement in *Snyder* that "termination . . . solely on the basis of evidence not admissible in ordinary civil proceedings would be improper." *Snyder, supra* at 91. This implies that termination would be proper even if some legally inadmissible evidence was also considered by the court, as long as some legally admissible evidence was considered. As I see it, termination may or may not be proper if supported by such a combination of evidence, depending on whether the legally admissible evidence was itself sufficient to establish a statutory basis for the termination. It is possible that *Snyder* concluded only that termination is improper *as a matter of law* whenever it is based exclusively on legally inadmissible evidence. Under this reading of *Snyder*, impropriety might or might not be found in cases where both legally admissible and inadmissible evidence formed the basis for a decision that the statute was satisfied. In those cases, a harmless error

analysis could be employed to determine the effect the legally inadmissible evidence had on that decision.

My interpretation of the rules derives in part from the need for procedural protections against the drastic sanction that termination of parental rights represents. Parents have a fundamental liberty interest in the care, custody, and management of their children. *Santosky v Kramer*, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982). "If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs." *Id.*, see *Lassiter v Dep't of Social Services*, 452 US 18, 27; 101 S Ct 2153; 68 L Ed 2d 640 (1981). Interpreting the rules to require that a statutory basis for termination must be shown by evidence that is legally admissible is particularly warranted in consideration of the fact that, once this hurdle is overcome, termination is mandated absent a finding that it is *not* in the best interests of a child. MCL 712A.19b(5); MSA 27.3178(598.19b)(5). The statute itself requires "clear and convincing evidence" before a court is empowered to terminate rights. It seems inconsistent for the statute to require that petitioner show by clear and convincing evidence that termination is justified, while the rules allow the use of legally inadmissible and, thus, potentially unreliable evidence to satisfy this standard. The evidentiary rules should not undermine the procedural protections afforded by the statute.

In any event, parental rights are important, and the rules regarding the type of evidence that must be used before a court is authorized to terminate those

rights should be clear. The provisions of MCR 5.974 are, at best, confusing; at worst, they establish admissibility standards that are irrationally inconsistent from one parental termination context to another. I encourage the Supreme Court to consider amendments to address this problem.