# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
March 3, 2015

*In re* LAMB, Minors.

No. 322589
Wayne Circuit Court
Family Division
LC No. 10-493999-NA

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Respondent mother appeals as of right an order terminating her parental rights to the minor children, AL and AML, pursuant to MCL 712A.19b(3)(g), (i), (j) and (l). We affirm.

## I. FACTUAL BACKGROUND

In May 2010, the trial court assumed jurisdiction over the minor child AL and respondent's newborn child SL based on respondent's admissions. Respondent admitted she was intoxicated during the birth of SL, lacked prenatal care, and that she was unable to care for her children and wanted to release her parental rights to SL. Respondent voluntarily released her parental rights to SL and the court entered an order terminating her parental rights.

Respondent was given a treatment plan and the plan for AL was reunification. Respondent's treatment plan included substance abuse treatment for her alcohol abuse. By January 2012, respondent was in compliance with her substance abuse treatment, and the trial court determined that she made sufficient progress to return AL to her care. In July 2012, the court terminated its jurisdiction over AL. In July 2013, respondent gave birth to the other child involved in this appeal, AML.

In January 2014, the two children were removed from respondent's care and taken into protective custody, after Children's Protective Services (CPS) submitted a petition alleging that respondent was unable to care for her children due to her untreated mental health concerns. The court authorized the petition, which sought termination of respondent's parental rights based on the prior termination of her rights to SL, refusal to cooperate with Department of Human Services (DHS), untreated mental health concerns, and substance abuse. In March 2014, respondent made admissions and the court assumed jurisdiction over the children and also found statutory grounds to terminate respondent's parental rights.

-1-

A best-interest hearing took place in May 2014. The trial court took judicial notice of the file, admitted a recent Clinic for Child Study report and received testimony from the foster care worker. Respondent did not appear at the hearing and her attorney presented no evidence. Following the proofs, the trial court concluded that termination of respondent's parental rights was in the children's best interests and entered an order terminating respondent's parental rights.

## II. BEST INTERESTS

Respondent contends that the trial court erred in finding that termination of her parental rights was in the children's best interests. Once the petitioner has established a statutory ground for termination by clear and convincing evidence, the trial court shall order termination of parental rights if the trial court also finds that termination of parental rights is in the best interests of the children. MCL 712A.19b(5). Whether termination of parental rights is in the best interests of the children must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's decision is reviewed for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). A decision is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake was made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

Respondent specifically contends that the trial court erred in its best-interest determination because it relied, in part, on the Clinic for Child Study report, which recommended termination and mentioned mental health, substance abuse, and domestic violence issues. Respondent argues that the evidence was insufficient to establish that any of these issues warranted termination of her parental rights. However, respondent admitted that she had a history of mental health concerns and at one point was hallucinating, had suicidal ideations, and experienced depression. A CPS caseworker testified at the preliminary hearing that respondent had been diagnosed with depressive disorder, a psychiatric evaluation recommended that respondent receive treatment for depression, and respondent told the Clinic for Child Study clinician that she was diagnosed with depression and had received treatment for hearing voices. Moreover, the evidence established that respondent failed to have a psychological evaluation, as requested by CPS, and refused referrals for mental health treatment.

With regard to substance abuse, respondent admitted to the foster care worker that she used crack cocaine and marijuana, and respondent told the clinician at the Clinic for Child Study that she used alcohol and marijuana. Although respondent contends that this was impermissible hearsay, "[a]ll relevant and material evidence, including oral and written reports," is permitted at dispositional hearings. MCR 3.973(E); *In re Gilliam*, 241 Mich App 133, 136-137; 613 NW2d 748 (2000). Moreover, the foster care worker testified that she repeatedly offered to assist respondent with services to address her substance abuse, but respondent refused that assistance.

Regarding domestic violence, the report from the Clinic for Child Study mentions the involvement of respondent and AML's father, Johnson, with whom respondent lived, in domestic violence. Respondent argues there was no evidence that any domestic violence occurred in the children's presence. According to respondent, the only evidence about domestic violence consisted of the foster care worker's hearsay statements. The worker testified that respondent claimed that she and Johnson "got into it all the time," but more frequently since the children were removed. Again, even assuming this testimony was hearsay, all relevant and

material evidence is permitted at dispositional hearings "to the extent of its probative value." MCR 3.973(E); *Gilliam*, 241 Mich App at 136-137. Moreover, the worker also testified that AL had been damaged by his exposure to domestic violence between Johnson and his mother, and he was displaying some of those behaviors at school and toward his sister. This testimony regarding harm to AL, and potentially to his younger sister AML, increases the relevance and probative value of any hearsay statements about domestic violence. For these reasons, we reject respondent's claim that reversal is required because of the trial court's reliance on the Clinic for Child Study.

Respondent also contends that the trial court erred in relying on the foster care worker's testimony because it was unreliable. Respondent claims that the foster care worker testified inconsistently on numerous points and gave improper expert testimony. Respondent observes that much of the worker's testimony resulted from leading questions. Our review of the record does not support most of respondent's arguments. In any event, the trial court was able to view the witness's demeanor and had a unique ability to assess her credibility, and this Court defers to that. *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). Therefore, reversal is not required due to the trial court's reliance on the foster care worker's testimony.

In deciding the children's best interests, the trial court was entitled to consider the children's bond to respondent, her parenting ability, and the children's need for permanency, stability, and finality. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The trial court should weigh all the evidence available to determine the children's best interests. *White*, 303 Mich App at 713.

The preponderance of the evidence presented established that termination of respondent's parental rights was in the children's best interests. The foster care worker believed that termination of respondent's parental rights was in the children's best interests because respondent failed to take care of her own psychological needs and substance abuse and was therefore unable to care for her children. The worker also testified about respondent's negative interaction with her children and opined that respondent could not provide permanence and stability for them. After a comprehensive evaluation, the Clinic for Child Study clinician also recommended termination of respondent's parental rights and found nothing to indicate that respondent would be able to complete a treatment plan that would facilitate reunification with her children.[1]

We find that a preponderance of the evidence established that termination of respondent's parental rights was in her children's best interests and, therefore, hold that the trial court did not clearly err in terminating respondent's parental rights.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

---

[1] Although respondent contends that this Court cannot consider the Clinic for Child Study report because it is not part of the record, the report was admitted at the May 16, 2014, best-interest hearing as an exhibit and is therefore properly part of the lower court record. MCR 7.210(A)(1).

Respondent also contends that she was denied the effective assistance of counsel. We disagree.

This Court will apply by analogy the principles of ineffective assistance of counsel as they have developed in the criminal law context. *In re Simon*, 171 Mich App 443, 447; 431 NW2d 71 (1988). To prevail on her claim of ineffective assistance of counsel, respondent must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced her that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *People v Pickens*, 446 Mich 298, 312, 314, 338; 521 NW2d 797 (1994).

Respondent first premises her claim on counsel's failure to offer any evidence at the hearing. Decisions regarding what evidence to present and whether to call witnesses are presumed to be matters of trial strategy, which this Court will not second-guess. *People v Dunigan*, 299 Mich App 579, 589-590; 831 NW2d 243 (2013); *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). The failure to call witness constitutes ineffective assistance of counsel only if respondent was denied a substantial defense. *Russell*, 297 Mich App at 716. The record does not show that there was any favorable evidence that counsel failed to present, which would have made any difference in the outcome, and respondent has not overcome the presumption that counsel's decision was anything other than trial strategy.

Respondent's claim is also premised on counsel's failure to make certain arguments, such as the fact that the children were not immediately removed from respondent's care, the short period of time the children had been in foster care, and respondent's past success in her previous treatment plan. However, the trial court took judicial notice of the file and was fully aware of the facts respondent contends counsel should have highlighted. There is no reasonable probability of a different outcome had counsel brought forth these facts. Respondent also bases her claim on counsel's failure to challenge the foster care worker's testimony or the Clinic for Child Study report but, as previously discussed, there was no basis for such a challenge. Although counsel did not object to leading questions, there is no reasonable probability that such objections would have made any difference in the outcome because the same information could have been elicited by simply rephrasing the question.

Given these circumstances, this Court cannot conclude that counsel's performance was deficient during the best-interest hearing or that respondent was prejudiced.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly

-4-