# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CALIFF/CARR, Minors.

UNPUBLISHED
October 29, 2015

No. 327089
Newaygo Circuit Court
Family Division
LC No. 13-008358-NA

Before: TALBOT, C.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Respondent mother appeals as of right the March 25, 2015 order terminating her parental rights to the minor children under MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions of adjudication), (g) (failure to provide proper care and custody), and (j) (child will be harmed if returned to the parent). We affirm.

Respondent first argues that the trial court could not exercise jurisdiction over the children because her no-contest plea at the adjudication hearing was defective. Respondent is precluded from raising this argument on appeal. "Ordinarily, an adjudication cannot be collaterally attacked following an order terminating parental rights." *In re SLH*, 277 Mich App 662, 668; 747 NW2d 547 (2008); see also *In re Gazella*, 264 Mich App 668, 679–680; 692 NW2d 708 (2005). More specifically, a respondent may not challenge the court's exercise of jurisdiction when termination follows the filing of a supplemental petition for termination after the issuance of the initial dispositional order. *In re SLH*, 277 Mich App at 668. Here, respondent failed to appeal the order of adjudication from August 7, 2013, in which the trial court exercised jurisdiction over the children. Instead, respondent appealed the order from March 25, 2015, in which her parental rights were terminated. As a result, she is precluded from challenging the trial court's exercise of jurisdiction based on her no-contest plea in this appeal.[1]

Next, respondent advances several arguments that her trial counsel was ineffective. Because respondent did not preserve her claims, our review is limited to mistakes apparent on the record. *People v Fike*, 228 Mich App 178, 181; 577 NW2d 903 (1998). The principles of ineffective assistance of counsel used in criminal proceedings "apply by analogy in child protective proceedings." *In re CR*, 250 Mich App 185, 197-198; 646 NW2d 506 (2001) (citation

---

[1] In addition, we find no merit to respondent's challenges to her no-contest plea.

and quotation omitted), overruled on other grounds *In re Sanders*, 495 Mich 394, 422; 852 NW2d 524 (2014). See also *In re Simon*, 171 Mich App 443, 447; 431 NW2d 71 (1988). To prevail on a claim of ineffective assistance of counsel, a respondent must establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). A respondent must overcome a strong presumption that counsel's actions constituted sound trial strategy. *Id.*

Respondent first claims that counsel was ineffective for failing to raise a hearsay objection at a dispositional review hearing when a foster care worker testified about respondent's psychological evaluation and a psychologist's conclusions in that evaluation. Contrary to respondent's argument, the Michigan Rules of Evidence do not apply during the dispositional phase of a child protective proceeding. *In re Gilliam*, 241 Mich App 133, 136-137; 613 NW2d 748 (2000). Rather, "[a]ll relevant and material evidence, including oral and written reports may be received and may be relied on to the extent of its probative value." MCR 3.973(E)(2). Respondent's psychological evaluation was relevant and material to this proceeding, given that it highlighted concerns with her mental stability and her ability to parent the children. Counsel was not ineffective for failing to raise a futile objection to this evidence. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

Further, respondent contends that counsel was ineffective for focusing on her "deficits" when discussing her psychological evaluation at the review hearing. This argument is without merit because it takes counsel's statements out of context. Reviewing the record, we find that while counsel acknowledged respondent's shortcomings, he did so within the context of indicating respondent's willingness to participate in services so that she could rectify those shortcomings and be reunified with the children. Counsel's performance in this regard did not fall below an objective standard of reasonableness. *Carbin*, 463 Mich at 600.

Respondent also contends that counsel was ineffective because he did not call the psychologist as a witness regarding the evaluation. We find this decision to be one of trial strategy. See *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999) ("Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy."). The results of the psychological evaluation were not beneficial to respondent's case; instead, the results supported the recommendation for termination. We will not second-guess counsel's strategic decision to decline to highlight an evaluation that was damaging to his client, particularly when respondent fails to specify any manner in which trial counsel could have questioned the psychologist in a way that would have helped her case.

Next, respondent claims that counsel was ineffective for failing to challenge one of the children's statements that respondent hit her during a parenting time visit. Respondent adamantly denied hitting the child during the termination hearing. On appeal, she argues that trial counsel should have called other witnesses to refute the report that she struck the child. However, there is no indication in the lower court record that any witnesses or additional evidence would have been able to corroborate respondent's testimony. Respondent has thus failed to establish the factual predicate of her claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Nevertheless, even assuming that counsel erred by failing to challenge the child's

statement, the evidence supporting termination of respondent's parental rights was overwhelming. Respondent failed to take responsibility for the children's removal and made little to no progress during the course of this lengthy proceeding. She failed to participate in and benefit from many of the services provided. Therefore, respondent cannot show that she was prejudiced by counsel's conduct. See *Carbin*, 463 Mich at 600.

Respondent's final ineffective assistance of counsel claim concerns a dispositional review hearing for which none of the attorneys received timely notice. Respondent argues that her trial counsel was ineffective for failing to object to the hearing and for failing to challenge statements adverse to her interests. We find this argument to be without merit. Counsel initially objected, stating he was unprepared for the hearing, and requested an adjournment, which the trial court appeared to grant. Nonetheless, the hearing continued after the parties began discussions on the record. Although counsel did not question the foster care worker's report and recommendation presented at the hearing, we will not find that counsel was ineffective for being unprepared at a hearing of which he lacked prior notice, particularly when counsel objected to the hearing and requested an adjournment. Further, we reject respondent's claim because she fails to articulate how counsel could have done anything to exclude the foster care worker's report or otherwise challenge the foster care worker's credibility or the report's veracity. And, in any event, counsel's conduct at this review hearing did not have any bearing on the ultimate outcome of the termination proceeding, given that the evidence supporting termination was overwhelming. Respondent's claim fails. See *id.*

Lastly, respondent argues that it was not in the best interests of the children for her parental rights to be terminated.[2] The trial court must find by a preponderance of the evidence that termination is in a child's best interest. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's decision for clear error. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

Respondent argues that the trial court failed to consider whether the circumstances of the children significantly differed such that it should have decided the best interests of each child individually. In *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012), a panel of this Court held that "the trial court has a duty to decide the best interests of each child individually." We thereafter clarified in *In re White*, 303 Mich App 701, 715; 846 NW2d 61 (2014), that the holding in *Olive/Metts* only applies when the "best interests of the individual children *significantly* differ[.]" A trial court does not err by failing to make individual factual findings for each child otherwise. *Id.* at 716. In this case, the children were each placed with their respective biological fathers, who had been found by the trial court to be proper placements.

---

[2] Respondent does not challenge the statutory grounds for termination. As such, we may assume that the trial court did not clearly err in finding that there were statutory grounds for termination. *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1999), overruled in part on other grounds *In re Trejo Minors*, 462 Mich 341; 612 NW2d 407 (2000). Moreover, we have reviewed the record and determined that the trial court did not clearly err by finding that statutory grounds for termination had been established by clear and convincing evidence.

The fathers remained in close contact in order to maintain the children's relationships with each other. Although the children resided in different households at the time of termination, their best interests did not significantly differ. Each of the children was placed in settings that were, for purposes of this case, similar, as they were each placed with their respective biological fathers. Cf. *In re Olive/Metts Minors*, 297 Mich App at 43-44 (holding that the trial court clearly erred when it failed to consider whether termination was in the best interests of the children when some children were placed with relatives while other children were placed in non-relative foster care). Thus, the best interests of the children did not "significantly differ," and we find no clear error in the failure to make individual best-interests findings in this case. See *In re White*, 303 Mich App at 715-716.

Furthermore, the trial court did not clearly err in finding that termination of respondent's parental rights was in the children's best interests. Respondent argues that the poor conditions in which the children were living before their removal should also have been attributed to the children's fathers. Her argument minimizes her own conduct with regard to those conditions. Her argument also misses the point; the proper inquiry after grounds for termination were established was whether termination of *respondent's* parental rights—not the parental rights of any other individual—was in the best interests of the children. And, regardless of whether the fathers were responsible for anything leading up to the children's removal, each father demonstrated during the proceeding that he could be a proper parent to his child or children. Respondent, on the other hand, did not demonstrate an ability to care for the children. There was evidence that she often told the children not to report things to foster care workers or other authorities. She also failed to participate in or benefit from services. Her psychological evaluation indicated that she would not be able to properly parent the children without the aid of services throughout the children's lives. In addition, a foster care worker testified that any future involvement by respondent in the children's lives would be harmful to the children and would likely cause the children's behavior to regress. Overall, because of respondent's lack of participation and progress in this case, there was no indication that the children could be returned to her at any point in the foreseeable future. See *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012). Therefore, the trial court's best-interest determination was not clearly erroneous.

Affirmed.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael F. Gadola

-4-