# STATE OF MICHIGAN

# COURT OF APPEALS

In re J L M A THOMPKINS, Minor.

UNPUBLISHED
July 13, 2017

No. 335674
Wayne Circuit Court
Family Division
LC No. 16-523203-NA

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's November 3, 2016 order terminating his parental rights to the minor child pursuant to MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (*l*). We affirm.

On appeal, respondent challenges the trial court's decision to terminate his parental rights in four ways. First, he argues that the trial court erred by failing to adequately separate the adjudicative and dispositional phases of the termination proceedings. Second, he argues that the trial court erred by assuming jurisdiction over the child. Third, he argues that the trial court erred by concluding that at least one of the statutory grounds identified above were established by clear and convincing evidence. Finally, he argues that the trial court erred by concluding that the termination of his parental right's was in the child's best interests. We disagree in all four respects.

With respect to respondent's first argument, we discern no error requiring reversal in the manner that the trial court addressed the adjudicative and dispositional phases in these termination proceedings. As recognized by respondent,

> "Child protective proceedings have long been divided into two distinct phases: the adjudicative phase and the dispositional phase." *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). During the adjudicative phase, the court considers the propriety of taking jurisdiction over the subject child. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). This can be done in two ways. First, a parent may plead to the allegations in a jurisdictional petition, thereby bringing the child under the court's protection. MCR 3.971; *Sanders*, 495 Mich at 405.; *AMAC*, 269 Mich App at 536. Second, the parent may demand a trial (bench or jury) to contest the allegations. MCR 3.972; *Sanders*, 495 Mich at 405; *AMAC*, 269 Mich App at 536. [*In re Thompson*, 318 Mich App 375, ___; ___ NW2d ___ (2016); slip op at 2.]

-1-

If a trial court fails to conduct an adjudicative trial, reversal is required. *Id.* at ___; slip op at 3.

MCR 3.977(E) controls a trial court's decision to terminate a respondent's parental rights at the initial disposition. It provides, in full, as follows:

> The court shall order termination of the parental rights of a respondent at the initial dispositional hearing held pursuant to MCR 3.973, and shall order that additional efforts for reunification of the child with the respondent shall not be made, if
>
> > (1) the original, or amended, petition contains a request for termination;
> >
> > (2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established;
> >
> > (3) at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:
> >
> > > (a) are true, and
> > >
> > > (b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (*l*), (m), or (n);
> >
> > (4) termination of parental rights is in the child's best interests.

In this case, respondent argues that "the court skipped the adjudicative portion of the trial hearing." However, the record reflects that an adjudicative trial was, in fact, held. While it is true that the trial court addressed jurisdiction, the statutory grounds, and the best interests at the same hearing, it is apparent from the record that the trial court adequately recognized that each phase must be separate: "I understand the phases of the trial, and I will make decisions pursuant to each phase, however, all phases will be covered." Accordingly, we reject respondent's argument that the adjudicative phase was "skipped" in this matter.

While respondent does argue that the adjudicative phase was skipped, it appears that respondent's primary contention in this regard focuses on whether the trial court impermissibly relied on hearsay testimony in assuming jurisdiction over the child. Generally, trial courts may not rely on hearsay when deciding whether to assume jurisdiction over a child during the adjudicative phase of the termination proceedings. *AMAC*, 269 Mich App at 536; see also MCR 3.972(C)(1). Respondent claims that the trial court did rely on hearsay. Our review of the record reflects that it did not. The trial court was very clear in this regard: "I'm not considering any hearsay evidence in terms of taking jurisdiction or with regard to finding any [s]tatutory grounds to terminate." Accordingly, we reject respondent's argument that the trial court impermissibly relied on hearsay during the adjudicative phase in this matter.

Respondent raises two additional arguments while analyzing his claim that the trial court failed to adequately separate the adjudicative and dispositional phases during this matter. At the outset, because these additional arguments are not identified in respondent's questions presented and are not sufficiently elaborated upon, we could conclude that they are abandoned on appeal. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). In any event, each argument is meritless. First, without citing any legal authority that supports his position, respondent claims that the trial court erred by taking judicial notice of the fact that respondent's parental rights to a different child were terminated based on respondent's sexual abuse of his stepdaughters. See *In re CJ Rickett*, unpublished opinion of the Court of Appeals, issued March 16, 2017 (Docket No. 334333). It is undisputed that "a court may take judicial notice of its own files and records[.]" *In re Jones*, 286 Mich App 126, 129; 777 NW2d 728 (2009). Second, respondent argues that "[t]he attorney for the father did not have an opportunity to cross-examine petitioner because the AAG rushed to her closing argument." Stated simply, this is not true. Respondent's trial counsel did, in fact, cross-examine the individual who drafted the petition in this matter. Accordingly, we reject these additional arguments as well.

With respect to respondent's second argument, we agree with the trial court's decision to assume jurisdiction over the child. During the adjudicative phase of the termination proceedings, a trial court may not assume jurisdiction over a child unless it determines that the statutory grounds in the petition have been established by a preponderance of the evidence. *AMAC*, 269 Mich at 536. The trial court found that the statutory grounds in the petition were established by a preponderance of the evidence, citing respondent's "criminality, current incarceration, and possible release date, and prior termination of father's parental rights to another child, based in part on father exhibiting sexual abuse on another child." The record, excluding the hearsay testimony, supports the trial court's determination in this regard. Respondent acknowledged under oath his criminality, current incarceration, possible release date, and the prior termination of his parental rights to another child. The individual who drafted the petition also testified in this regard, and the trial court took judicial notice of the opinions and orders in *In re CJ Rickett*. Accordingly, the trial court's decision to assume jurisdiction over the child was correct.

Similarly, with respect to respondent's third argument, we also agree with the trial court's decision that at least one statutory ground was established by clear and convincing evidence. Pursuant to MCL 712A.19b(3), a trial court may terminate a parent's parental rights if it finds that at least one of the statutory grounds has been established by clear and convincing evidence. Petitioner bears the burden of proving at least one statutory ground. *In re Trejo Minors*, 462 Mich 341, 350; 612 NW2d 407 (2000); MCR 9.77(A)(3). A trial court's decision that at least one statutory ground has been established is reviewed for clear error. *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013) (citation and internal quotation marks omitted).

In this case, the trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(b)(*i*), (j), (k)(*ii*), and (*l*). Those provisions allow for the termination of a parent's parental rights to a child if the court finds, by clear and convincing evidence, that the parent's act caused the child or a sibling of the child to suffer physical injury or physical or sexual abuse and that there is a reasonable likelihood that the child would suffer injury or abuse in the foreseeable

future in the parent's home, that there is a reasonably likelihood that the child would be harmed if he or she was returned to the parent's home based on the conduct or capacity of the child's parent, that the parent sexually abused the child or a sibling of the child in a manner that involved penetration, attempted penetration, or assault with the intent to penetrate, or that the parent's parental rights to another child were terminated. While respondent is correct in his assertion that subsection (*l*) has been deemed unconstitutional, *In re Gach*, 315 Mich App 83, 98-99; 889 NW2d 707 (2016), only one statutory ground need be established, *Trejo*, 462 Mich at 360, and we agree with, at a minimum, the trial court's determination that subsection (j) was established by clear and convincing evidence.

The trial court determined, in part, that MCL 712A.19b(3)(j) was established by clear and convincing evidence based, in large part, on its findings in *In re CJ Ricketts*. Respondent's argument on appeal with respect to subsection (j) is cursory and unpersuasive. He claims, in full, as follows with respect to that subsection:

> In regards to the sections MCL 712A.19B (3) (g) and (j), the anticipatory doctrine cannot be used. The court cannot establish that father is not able to provide proper care and custody within reasonable time considering the child's age. The AAG did not provide sufficient proof that the child will suffer harm at parent's home. The only legally admissible document was the court order and findings in In re Rickets.

While we could reject this argument based solely on its conclusory nature, *Mitcham*, 355 Mich at 203, we nevertheless choose to address, and reject, it. Stated simply, a panel of this Court has rejected this same argument raised by this same respondent, albeit in the context of the termination of his parental rights to a different child. See *In re CJ Rickett*, unpub op at 4-5. The same rationale applies here.

With respect to respondent's fourth and final argument, we agree with the trial court's determination that the termination of respondent's parental rights was in the child's best interests. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App at 40; see also MCL 712A.19b(5). "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. at 41-42 (citations omitted). Additionally, "the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *Id*. at 43, citing *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010).

In this case, after the trial court assumed jurisdiction over the child and determined that at least one statutory ground was established by clear and convincing evidence, it heard additional testimony from the individual who drafted the petition and respondent as well as testimony from two other witnesses called by respondent. Respondent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of the current placement of the child all favored the termination of respondent's parental rights based on, at a minimum, respondent's history of sexual abuse against young children. Indeed, because of respondent's incarceration,

he has never met, much less provided for or created a bond with, the child at issue in this case. While respondent did present testimony to contradict this, we defer to the trial court's credibility determinations. See, e.g., *In re Kabanuk*, 295 Mich App 252, 256; 813 NW2d 348 (2012). Additionally, to the extent respondent attempts to rely on the fact that the child is placed with the child's biological mother, we would note that a biological parent is not a relative for relative-placement purposes. See *In re Schadler Minors*, 315 Mich App 406, 413; 890 NW2d 676 (2016).

Respondent also challenges the trial court's best-interests determination based on his position that, in making that determination, the trial court impermissibly relied on hearsay. This argument is also abandoned. *Mitcham*, 355 Mich at 203. The only legal authority identified by respondent in this regard is MCR 3.977(E), which, while generally applicable to a trial court's decision to terminate a parent's parental rights at the initial dispositional hearing, has nothing to do with whether hearsay evidence is admissible during the dispositional phase of the termination proceedings. Furthermore, the rules of evidence generally do not apply in proceedings to terminate a parental rights once the child has come with the court's jurisdiction. *In re Gilliam*, 241 Mich App 133, 136-137; 613 NW2d 748 (2000); MCR 3.977(H)(2). Accordingly, respondent's argument in this regard is meritless.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens