*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* G. B. McGOWAN, Minor.

UNPUBLISHED
October 13, 2022

No. 360641
Wayne Circuit Court
Family Division
LC No. 2017-000039-NA

Before: SWARTZLE, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Respondent testified that she is schizophrenic, and it was reported that she had struggled to take her medications consistently or otherwise treat her condition. Respondent's struggles with her mental health presented significant barriers to care for her child. Thus, the child was placed in the care of respondent's grandmother during the first investigation conducted by Children's Protection Services (CPS). Even though respondent was able to complete reunification services during this investigation, the child remained in the grandmother's care and respondent continued to visit the child weekly. Respondent's visits with the child were ceased when the Department of Health and Human Services petitioned to remove the child from respondent's care because it was reported that respondent's mental health remained untreated, she was unable to care for the child, and she was party to an incident involving domestic violence. The trial court terminated respondent's parental rights to the child under MCL 712A.19b(3)(g) and (j). We affirm.

## I. BACKGROUND

The Department filed a petition to terminate respondent's parental rights because respondent was admitted to a psychiatric hospital after hallucinating and displaying verbal and physical aggression toward family members. It was reported that respondent was also intoxicated when she was admitted to the hospital. Additionally, the petition stated that respondent's home was not suitable for the child because respondent was involved in a domestic-violence dispute with her long-term partner while she was in the presence of the child. CPS workers visited respondent's home and also noted that every window in her home had been purposefully broken. The Department offered respondent multiple services to help rectify her barriers to reunification, but respondent routinely refused to engage with the services.

-1-

The trial court found that the child was within its jurisdiction under MCL 712A.2b(2) because of respondent's untreated mental-health issues and lack of suitable housing. Additionally, the trial court found clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(g) and (j), and that termination was in the child's best interests. Respondent now appeals each of these decisions.

## II. ANALYSIS

## A. JURISDICTION

"To acquire jurisdiction, the factfinder must determine by a preponderance of the evidence that the child comes within the statutory requirements of MCL 712A.2." *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020) (cleaned up). This Court reviews preserved issues regarding whether the trial court properly exercised jurisdiction over children "for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004) (cleaned up). A trial court's determinations are clearly erroneous if this Court is "definitely and firmly convinced that [the trial court] made a mistake." *In re White*, 303 Mich App 701, 709-710; 846 NW2d 61 (2014). If the issue is not preserved, then it is reviewed for plain error. *In re Snyder*, 223 Mich App 85, 92; 566 NW2d 18 (1997). Plain error is met when "(1) an error occurred, (2) the error was 'plain'—i.e., clear or obvious, and (3) the error affected substantial rights—i.e., the outcome of the lower court proceedings was affected." *People v Cain*, 498 Mich 108, 116; 869 NW2d 829 (2015). Reversal is only warranted when a miscarriage of justice would otherwise occur. *In re Snyder*, 233 Mich App at 92-93.

MCL 712A.2(b)(2) provides jurisdiction over proceedings involving the abuse or neglect of juveniles. Specifically, this provision provides as follows:

(b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:

* * *

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. . . . [MCL 712A.2(b)(2).]

Because MCL 712A.2 "speaks in the present tense, . . . the trial court must examine the child's situation at the time the petition was filed." *In re Long*, 326 Mich App 455, 459; 927 NW2d 724 (2018) (cleaned up).

Respondent argues that there was insufficient evidence to substantiate a finding under MCL 712A.2(b)(2) because the CPS worker provided hearsay testimony that was relied on by the trial court. In particular, respondent faults the trial court for allegedly relying on hearsay to support its findings on respondent's alleged involvement in domestic abuse, her mental-health issues, and the events in which she allegedly went to take the child from respondent's grandmother's home.

During the preliminary hearing, however, respondent only objected, on hearsay grounds, to the CPS worker's testimony that respondent was intoxicated when she was involuntarily admitted to the hospital. Respondent's other objections were made regarding facts not entered into evidence. "To preserve an evidentiary error for appeal, a party must object at trial on the same ground that it presents on appeal. Counsel must state the specific ground of objection, if the specific ground was not apparent from the context." *Nahshal v Fremont Ins Co*, 324 Mich App 696, 709-710; 922 NW2d 662 (2018) (cleaned up); see also *In re Snyder*, 223 Mich App at 92 (noting that "there was no objection *on this basis* [i.e., a specific hearsay objection] or request for [a] foundational hearing, presenting this court with unpreserved nonconstitutional error").

Respondent failed to object in the trial court on the same grounds that she now asserts on appeal. Accordingly, respondent's argument regarding hearsay is unpreserved and is reviewed for plain error. *In re Snyder*, 223 Mich App at 92-93. Even assuming for argument's sake that there was a clear or obvious error in admitting the CPS worker's testimony because it was hearsay, any such error did not affect respondent's substantial rights because the outcome of the trial court proceedings was not affected. Importantly, it is undisputed that respondent's housing was not appropriate for the child. The CPS worker testified that she witnessed the intentionally broken windows in respondent's home, and respondent testified that she was on the precipice of getting evicted. This fact alone satisfies MCL 712A.2(b)(2). Nevertheless, it was also reported that respondent said that "she was done with CPS and that she did not want to participate in any other services and that she just did not care about [the child] and that he could stay with [respondent's grandmother]."

Therefore, we are not left with a definite and firm conviction that the trial court erred by finding that the child came under its jurisdiction under MCL 712A.2(b)(2).

## B. STATUTORY GROUNDS

To terminate parental rights, a trial court must find that a statutory ground warranting termination has been established by clear and convincing evidence. *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020). The trial court's findings and rulings regarding statutory grounds are reviewed for clear error. *Id*. The trial court found that termination was appropriate under MCL 712A.19b(3)(g) and (j), which provide, in relevant part, as follows:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.
>
> * * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

If this Court concludes that the trial court did not clearly err by finding one statutory ground for termination, then this Court does not need to address the additional grounds. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

Regarding MCL 712A.19b(3)(g), the trial court concluded that respondent had sufficient income from her Social Security benefits, as well as sales that she performed online, to be financially able to care for the child, but she had never provided proper care and custody of the child on an extended basis because the child had lived with respondent's grandmother since he was nine months old. At the time of the termination hearing, the child was five years old. There was no evidence to substantiate that respondent had provided financial support to the child in that time. Despite respondent's contention that she had a willingness to rectify her barriers to parenting the child, there had not been significant progress in her mental health over the pendency of the case or since the child had begun living with respondent's grandmother. Further, respondent was still unable to provide housing suitable for the child at the time of the termination hearing.

The trial court considered that, even though respondent was taking her medication at the time of the termination hearing, respondent had not addressed her mental-health concerns because she refused to participate in any additional services to address her parenting skills and lack of suitable housing. "A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *In re White*, 303 Mich App at 710. Respondent's refusal to participate in, and benefit from, her service plan was evidence that she was not able to provide proper care and custody for the child.

Even though this Court does not need to address the additional grounds, *In re HRC*, 286 Mich App at 461, termination under MCL 712A.19b(3)(j) was appropriate because, similarly, "a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *In re White*, 303 Mich App at 711. Therefore, respondent's refusal to comply with her service plan is evidence that the child would be harmed if returned to her home. Furthermore, it was reported that respondent was involved in a domestic-violence altercation in front of the child.

The trial court did not clearly err in concluding that there was a statutory basis to terminate respondent's parental rights to the child when considering that respondent admitted that she did not have suitable housing for the child, and evidence was presented to substantiate that respondent had not made significant progress in addressing her mental health.

## C. BEST INTERESTS

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40-41; 823 NW2d 144 (2012). "The trial court should weigh all the evidence available to determine [a] child[]'s best interests." *In re White*, 303 Mich App at 713.

-4-

The court's focus must be on the child, not the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013).

In evaluating whether a child's best interests support termination, "the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42 (cleaned up). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

The trial court's findings and ruling that termination is in the child's best interests are reviewed for clear error. *In re Mota*, 334 Mich App at 320.

Even though respondent contends that she had a bond with the child, the evidence in the record demonstrated that the child was only bonded with respondent's grandmother because respondent's grandmother was the primary caretaker for the child since the child was nine months old. The trial court considered that the relative placement was a factor weighing against terminating respondent's parental rights, and the trial court acknowledged that guardianship or a continuation of services for respondent were potential alternatives, but the trial court concluded that the termination of respondent's parental rights was in the child's best interest because the child needed stability. Thus, respondent's grandmother's willingness to adopt the child was a factor weighing in favor of termination. The trial court also noted respondent's lack of parenting skills, respondent's failure to care for the child for a majority of his life, respondent's involvement in a domestic-violence altercation, and respondent's repeated refusal of additional services even after being involuntarily hospitalized for her mental health. Accordingly, we are not left with a definite and firm conviction that the trial court erred when it determined that the termination of respondent's parental rights to the child was in the child's best interests.

## III. CONCLUSION

The trial court was presented with evidence to substantiate that respondent's home was not suitable for the child when considering that respondent testified that she was on the precipice of being evicted and that the windows in her home had been intentionally broken. Additionally, respondent was involuntarily hospitalized to treat her mental health, and she refused the Department's services to help her rectify her barriers to reunification. The child showed a bond with respondent's grandmother who had been taking care of him since he was nine months old, and respondent had stated that she did not care what happened to the child.

For all the foregoing reasons, we are not left with a definite and firm conviction that the trial court erred by finding that it had jurisdiction over the child, that there were statutory grounds sufficient for termination, and that it was in the child's best interests to terminate respondent's parental rights.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ James Robert Redford