# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* I. M. LONG, Minor.

FOR PUBLICATION
November 20, 2018
9:15 a.m.

No. 344326
Oakland Circuit Court
Family Division
LC No. 2017-849503-NA

Before: JANSEN, P.J., and K. F. KELLY and BORRELLO, JJ.

JANSEN, P.J.

Respondent-father appeals as of right the trial court's order terminating his parental rights to his minor child, IML, pursuant to MCL 712A.19b(3)(f), (g), (h), and (j).[1] We reverse, vacate the order terminating respondent's parental rights, and remand for proceedings consistent with this opinion.

## I. RELEVANT FACTUAL BACKGROUND

Respondent is the biological father of the minor child. In 2012, a couple of months after the child's birth, the child's maternal grandmother, petitioner, initiated proceedings to become the child's legal guardian. The guardianship was established because the child's mother had left the child in the custody of petitioner and did not return. In 2016, petitioner filed a petition to terminate the parental rights of the mother and the child's then unknown father. Petitioner listed respondent-father and another man as putative fathers. Based on his belief that he could be the minor child's father, respondent-father had previously initiated a paternity action in Wayne County in 2015. However, the action was dismissed before resolution after he was sent to prison. After the filing of this petition, respondent-father formally established paternity over the child in September 2017, when he and the mother filed an acknowledgement of parentage.[2]

---

[1] Respondent-mother's parental rights were also terminated in the same order. However, respondent-mother has not filed a claim of appeal. Therefore, our vacating the termination order with respect to respondent-father has no effect on the termination of respondent-mother's parental rights.

[2] The trial judge in this matter had ordered DNA testing which established that respondent-father is the minor child's biological father.

Following a trial in November 2017, the trial court issued an opinion and order in January 2018, finding that statutory grounds for jurisdiction over the child existed pursuant to MCL 712A.2(b)(2) and MCL 712A.2(b)(6). Following a subsequent hearing in May 2018, the trial court found that statutory grounds to terminate respondent's parental rights existed pursuant to MCL 712A.19b(3)(f), (g), (h), and (j). This appeal followed.

## II. JURISDICTION

Respondent-father argues that the trial court erred in exercising jurisdiction pursuant to MCL 712A.2(b)(2) and MCL 712A.2(b)(6). We agree.

Our Supreme Court has explained in *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014), that:

> In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase. Generally, a court determines whether it can take jurisdiction over the child in the first place during the adjudicative phase. Once the court has jurisdiction, it determines during the dispositional phase what course of action will ensure the child's safety and well-being. [*Id*. at 404 (citation omitted).]

Child protective proceedings are initiated when a petition is filed in the trial court that contains facts constituting an offense against a child under the juvenile code, MCL 712A.2(b). *Id*. at 405; see also MCR 3.961(B)(3). "To acquire jurisdiction, the factfinder must determine by a preponderance of the evidence that the child comes within the statutory requirements of MCL 712A.2[.]" *In re Brock*, 442 Mich 101, 108-109; 499 NW2d 752 (1993). MCL 712A.2 "speaks in the present tense, and, therefore, the trial court must examine the child's situation at the time the petition was filed." *In re MU*, 264 Mich App 270, 279; 690 NW2d 495 (2004). Although child protective proceedings are initiated to protect children, the adjudicative phase "is of critical importance because the procedures used in adjudicative hearings protect the parents from the risk of erroneous deprivation of their parental rights." *In re Sanders*, 495 Mich at 405-406 (internal quotation marks and citation omitted).

To properly exercise jurisdiction, the trial court must find that a statutory basis for jurisdiction exists. *In re BZ,* 264 Mich App 286, 295; 690 NW2d 505 (2004). "Jurisdiction must be established by a preponderance of the evidence." *Id*. "We review the trial court's decision to exercise jurisdiction for clear error in light of the court's findings of fact." *Id*. "A finding is 'clearly erroneous' if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

## A. THIS COURT'S JURISDICTION

We first note that in this case, this is not a collateral attack on the trial court's order terminating respondent's parental rights. Here, the trial court entered its order of adjudication on January 18, 2018. That order was not appealable as of right. The trial court scheduled the initial disposition to be held at the time of the statutory-basis and best-interests hearing, which occurred

on May 8, 2018. In the order terminating respondent-father's parental rights, the trial court noted that "[a]n adjudication was held and the child(ren) was/were found to come within the jurisdiction of this court." This was the first order that was appealable as of right, and therefore, respondent-father's challenge to the trial court's jurisdiction is not a collateral attack, but rather a direct appeal.[3]

## B. MCL 712A.2(B)(2)

Respondent-father first challenges the trial court's jurisdiction under MCL 712A.2(b)(2).

The trial court took jurisdiction pursuant to MCL 712A.2(b)(2), which provides, in relevant part, that a trial court has:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. As used in this sub-subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602. [4]

---

[3] See *In re SLH*, 277 Mich App 662, 669 n 13; 747 NW2d 547 (2008), where this Court explained that

> Some, but not all, courts issue an Order of Adjudication following the plea or a trial at which jurisdiction was found. Other courts, however, do not issue an Order of Adjudication but only an order of disposition that includes the statement that "[a]n adjudication was held and the child(ren) was/were found to come within the jurisdiction of the court." MCR 3.993(B) provides that an Order of Adjudication may only be appealed by leave granted, whereas an initial order of disposition is the first order appealable as of right. Accordingly, because an initial order of disposition is the first order appealable as of right, an appeal of the adjudication following the issuance of an initial dispositional order is not a collateral attack on the initial adjudication, but a direct appeal, notwithstanding that a termination of parental rights may have occurred at the initial dispositional hearing.

[4] "Neglect" is defined in MCL 722.602(1)(d) as "harm to a child's health or welfare by a person responsible for the child's health or welfare that occurs through negligent treatment, including the failure to provide adequate food, clothing, shelter, or medical care, though financially able to do so, or the failure to seek financial or other reasonable means to provide adequate food, clothing, shelter, or medical care."

At the time the petition was filed, it is undisputed that IML was living with petitioner and not with respondent-father. Additionally, there were no allegations made that petitioner's home was an unfit place for IML to live, as is required by 712A.2(b)(2). Because at the time the petition was filed, there were no allegations that petitioner's home was "an unfit place for the juvenile to live in," we are left with a definite and firm conviction that the trial court erred by exercising jurisdiction under MCL 712A.2(b)(2).

## C. MCL 712A.2(B)(6)

Respondent-father also challenges the trial court's jurisdiction under MCL 712A.2(b)(6).

The trial court took jurisdiction pursuant to MCL 712A.2(b)(6), which provides, in relevant part, that a trial court has:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> * * *
>
> (6) If the juvenile has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and the juvenile's parent meets both of the following criteria:
>
> (A) The parent, having the ability to support or assist in supporting the juvenile, has failed or neglected, without good cause, to provide regular and substantial support for the juvenile for 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for 2 years or more before the filing of the petition. As used in this sub-subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602.
>
> (B) The parent, having the ability to visit, contact, or communicate with the juvenile, has regularly and substantially failed or neglected, without good cause, to do so for 2 years or more before the filing of the petition. As used in this sub-subdivision, "neglect" means that term as defined in section 2 of the child abuse and neglect prevention act, 1982 PA 250, MCL 722.602.

In child protection proceedings, MCR 3.903(A)(18) defines a "[p]arent" as "the mother, the father as defined in MCR 3.903(A)(7), or both, of the minor. It also includes the term 'parent' as defined in MCR 3.002(20)."[5] MCR 3.903(A)(7) defines "[f]ather" as:

> (a) A man married to the mother at any time from a minor's conception to the minor's birth, unless a court has determined, after notice and a hearing, that the

---

[5] MCR 3.002(20) pertains to the parents of Indian Children.

minor was conceived or born during the marriage, but is not the issue of the marriage;

(b) A man who legally adopts the minor;

(c) A man who by order of filiation or by judgment of paternity is judicially determined to be the father of the minor;

(d) A man judicially determined to have parental rights; or

(e) A man whose paternity is established by the completion and filing of an acknowledgement of parentage in accordance with the provisions of the Acknowledgment of Parentage Act, MCL 722.1001 *et seq.,* or a previously applicable procedure. For an acknowledgement under the Acknowledgment of Parentage Act, the man and mother must each sign the acknowledgement of parentage before a notary public appointed in this state. The acknowledgement shall be filed at either the time of birth or another time during the child's lifetime with the state registrar.

Accordingly, a putative father does not qualify as a father or parent for the purposes of exercising jurisdiction in child protective proceedings.

With respect to whether the trial court erred in exercising jurisdiction under MCL 712A.2(b)(6), there is no dispute that IML had a legal guardian, petitioner, at the time the petition was filed. Likewise, there is no dispute that respondent-father was only a putative father at the time the petition was filed in this case. In fact, respondent-father was not determined to be IML's legal father under September 7, 2017 – over a year after the petition was originally filed – when he and the child's mother filed an acknowledgment of parentage. Accordingly, because the trial court is required to "examine the child's situation at the time the petition was filed," *In re MU*, 264 Mich App at 279, respondent-father's status as a putative father on the date the petition was filed means that he does not qualify as a "parent" under MCL 712A.2(b)(6). Therefore, respondent-father's actions in the two years or more preceding the filing of the petition are immaterial. Although there was some evidence presented that respondent-father believed he could have been IML's father and should have perfected paternity sooner, as a putative father, he would have had no legal rights or obligations to IML before September 7, 2017. Regardless of any moral obligation, as a putative father, respondent-father had no legal obligation to IML. We therefore conclude that to rely on a putative father's action or inaction in the two years or more preceding the filing of a petition when considering whether to exercise jurisdiction under MCL 712A.2(b)(6) is violative of due process. Based on the foregoing, we are left with a definite and firm conviction that the trial court erred by exercising jurisdiction under MCL 712A.2(b)(6).

Briefly, we also note that the trial court erred in its reliance on *In re LE*, 278 Mich App 1; 747 NW2d 883 (2008) in determining it had the authority to exercise jurisdiction under MCL 712A.2(b)(6), despite the fact that respondent-father was only a putative father at the time the petition was filed. The trial court's reliance on *In re LE* was erroneous for two reasons. First, this Court never addressed jurisdiction under MCL 712A.2(b)(6) in that case. Second, this Court

ultimately relied on the one-parent doctrine to justify exercising jurisdiction over the respondent-father in that case where the respondent-mother had pleaded to jurisdiction. However, the one-parent doctrine is unconstitutional, and therefore now defunct. Accordingly, reliance on the reasoning of this Court in *In re LE* was erroneous. See *In re Sanders*, 495 Mich at 422, where our Supreme Court reasoned that a specific adjudication of a particular parent's unfitness was required before the constitutionally protected parent-child relationship could be infringed.

Because the trial court erred by exercising jurisdiction under MCL 712A.2(b)(2) and MCL 712A.2(b)(6), we reverse the trial court's order terminating respondent-father's parental rights.[6] See *Ryan v Ryan*, 260 Mich App 315, 343; 677 NW2d (2004), where this Court articulated that "[b]ecause the trial court never properly assumed jurisdiction, all orders based on the wrongful assumption of jurisdiction are void ab initio."

We reverse, vacate the order terminating respondent's parental rights, and remand for proceedings consistent with this opinion.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello

---

[6] Having determined that reversal is warranted on respondent-father's jurisdictional claims, we declined to address respondent-father's other arguments on appeal.