*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* T. STRICKLAND-MILLER, Minor.

UNPUBLISHED
April 13, 2023

No. 362593
Kent Circuit Court
Family Division
LC No. 21-050441-NA

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Respondent-father appeals the trial court's order assuming jurisdiction of the minor child, TS. For the reasons stated in this opinion, we reverse.

## I. BACKGROUND

When TS was born in March 2021, the Department of Health and Human Services (DHHS) petitioned the trial court to remove the child from the mother,[1] who was previously investigated regarding the death of her first child. At the mother's request, the trial court ordered that TS be placed with the mother's godmother. Initially, the mother named another man as TS's putative father, but as of August 2021, the trial court listed TS's father as unknown. Meanwhile, respondent maintained that he was TS's biological father and requested a paternity test. In February 2022, DNA test results revealed that TS was indeed respondent's biological son. Just a few days later, however, respondent was arrested and lodged in jail; he remained incarcerated pending various felony charges.

In May 2022, the trial court began listing respondent as TS's legal father in court orders. That same month, DHHS filed a supplemental removal petition with the trial court as to respondent. The petition noted that TS was already in placement with "fictive kin" and sought jurisdiction over TS with respect to respondent under MCL 712A.2(b)(1). The petition noted that respondent was in jail facing criminal charges and alleged that he had not provided the names of any appropriate relatives who could care for TS. At the adjudication hearing, respondent

---

[1] The mother entered a plea of admission to the removal petition. Because the mother is not a party to this appeal, "respondent" as used in this opinion refers to respondent-father.

challenged this allegation, arguing that he provided names of three family members who were willing and able to provide proper care for TS. A foster care supervisor testified that she believed that two of the family members were inappropriate for placement. She acknowledged, however, that not one of the recommended family members was afforded a full, licensing assessment because of TS's court-ordered placement with mother's fictive kin. The trial court found by a preponderance of the evidence that the allegations in the petition were true and came within the provisions of MCL 712A.2b.

## II. ANALYSIS

Respondent argues that the trial court erred when it assumed jurisdiction over TS because TS had proper care and custody at the time the supplemental petition was filed. We agree.[2]

Child-protective proceedings take place in two phases: an adjudicative phase and a dispositional phase. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). In the adjudicative phase, a trial court determines whether it can assert jurisdiction over a child. *Id*. "While the adjudicative phase is only the first step in child protective proceedings, it is of critical importance because the procedures used in adjudicative hearings protect the parents from the risk of erroneous deprivation of their parental rights." *Id*. at 405-406 (quotation marks, citation, and brackets omitted). "The adjudication divests the parent of her constitutional right to parent her child and gives the state that authority instead." *In re Ferranti*, 504 Mich 1, 16; 934 NW2d 610 (2019). The petitioner bears the burden of proving by a preponderance of the evidence that one or more statutory grounds for jurisdiction exist. *Id*. at 15. Because MCL 712A.2 "speaks in the present tense," the trial court must assess the statutory grounds on the basis of "the child's situation at the time the petition was filed." *In re MU*, 264 Mich App 270, 279; 690 NW2d 495 (2004).

In this case, the supplemental petition sought jurisdiction under MCL 712A.2(b)(1), which provides that a trial court may exercise jurisdiction regarding a child

> [w]hose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. [MCL 712A.2(b)(1).]

Respondent first argues that the trial court erred by assuming jurisdiction on the basis that TS was without proper custody or guardianship. As an initial matter, we note that the box for "lack of proper custody or guardianship" is *not* check-marked in the order of adjudication as one of the jurisdictional grounds relied on by the trial court. In any event, it is well settled that a parent can provide "proper care and custody" for a child through placement with an appropriate and

---

[2] We review for clear error a trial court's decision to exercise jurisdiction in a child-protective proceeding. *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). A trial court's finding is clearly erroneous if this Court is left with a definite and firm conviction that a mistake was made. See *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

willing relative. See *In re Mason*, 486 Mich 142, 161 n 11; 782 NW2d 747 (2010); *In re Sanders*, 495 Mich at 421. Further, MCL 712A.2(b)(1)(C) provides that " '[w]ithout proper custody or guardianship' does not mean a parent has placed the juvenile with another person who is legally responsible for the care and maintenance of the juvenile and who is able to and does provide the juvenile with proper care and maintenance." In this case, the supplemental petition explained that TS was placed under the care of fictive kin as previously ordered by the trial court. There was no allegation, or evidence presented to show, that the fictive kin's care and custody of TS was improper. To the contrary, it was reported that the caregiver was meeting all of TS's needs and that TS was "progressing very well." Accordingly, we agree with respondent that there was no basis to assume jurisdiction for lack of proper custody or guardianship.

Respondent next argues that the trial court erred when it found that respondent neglected or refused to provide proper support for TS. The corresponding allegation in the supplemental petition asserted that respondent "has not provided an appropriate relative to provide care and custody of [TS] at this time." This allegation correctly recognizes that a parent can provide proper care through placement with a relative, as noted. However, it is not entirely clear why respondent needed to offer possible relative placements when TS was already placed with an appropriate caregiver per court order. Setting that aside, for the reasons discussed below, DHHS did not prove the petition allegation regarding relative placement by a preponderance of the evidence.

The adjudication hearing took place just months after respondent learned that TS was his biological child. The evidence showed that, despite his inability to care for TS while in jail, respondent provided information regarding three immediate family members whom he believed were appropriate and willing to provide that care. DHHS did not produce evidence to demonstrate that the relatives were not appropriate for placement. Indeed, the foster care supervisor acknowledged at the hearing that the agency's licensing unit did not fully pursue that determination because of the trial court's order placing TS with the mother's fictive kin. The trial court found that respondent provided at least two names, that his mother was not deemed suitable, and that no investigation regarding his sister was completed. But the trial court's next statement included its conclusion that "the petition has been proven as required by a preponderance of the evidence." As it related to the relative-placement allegation, however, the trial court's conclusion was clearly erroneous given the incomplete investigation into the relative placement options offered by respondent. Therefore, the trial court clearly erred when it found by a preponderance of the evidence that it could exercise jurisdiction with respect to respondent on the basis that he had not provided proper care for TS.

We also note that, according to the order of adjudication, the trial court determined that it could assume jurisdiction because TS was "subject to substantial risk of harm to his or her mental well-being . . . ." MCL 712A.2(b)(1). However, there was no evidence to this effect presented at the adjudication hearing, and there were no petition allegations relating to the young child's mental health. Accordingly, it was clear error for the trial court to assume jurisdiction on this basis.

Finally, the trial court sua sponte assumed jurisdiction under MCL 712A.2(b)(2) on the basis that the child's "home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in . . . ." This case is factually similar to *In re Long*, 326 Mich App 455; 927 NW2d 724 (2018). In that case, child-protective proceedings were initiated

against the mother and a then-unknown father; the respondent-father later established paternity but was incarcerated. *Id*. at 458. With respect to the father, the trial court exercised jurisdiction, in part, under MCL 712A.2(b)(2) on the basis of an unfit home. *Id*. at 462. However, no allegation was made that the home the child was living in at the time—the legal guardian's home—was unfit. *Id*. Because the child's home was not "an unfit place for the juvenile to live in," we held that the trial court clearly erred when it exercised jurisdiction under MCL 712A.2(b)(2). *Id*. (quotation marks omitted).

This holding applies to this case. At the time the petition was filed, TS was living with fictive kin per court order. There was no allegation that TS's home was unfit, and the record shows that the caregiver was meeting TS's needs. Accordingly, the trial court clearly erred by assuming jurisdiction under MCL 712A.2(b)(2). See also *In the Matter of Curry*, 113 Mich App 821, 827, 830; 318 NW2d 567 (1982) (holding that the trial court erred by assuming jurisdiction when both parents were in prison when there was no showing that the grandparent's home in which the children were living was unfit).

In sum, at the adjudication hearing the burden was on the petitioner to prove the jurisdictional allegations. The only specific allegation relating to one of the jurisdictional grounds was not established by a preponderance of the evidence. For the reasons discussed, the evidence also did not support the other statutory grounds for jurisdiction relied on by the trial court in the order of adjudication. Therefore, reversal is warranted.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ James Robert Redford
/s/ Christopher P. Yates