*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MCCULLOUGH/INGRAHAM, Minors.

UNPUBLISHED
May 18, 2023

No. 363354
Genesee Circuit Court
Family Division
LC No. 98-110132-NA

Before: PATEL, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Following a preliminary hearing, the trial court authorized a petition to remove the minor children, SM and JI, from respondent's care and placed the children with their father, who resides in Texas.[1]  Respondent now appeals the removal.  During the pendency of this appeal, the trial court terminated its jurisdiction and dismissed the petition because the children were placed with their father in Texas.  We dismiss this appeal as moot.

"The question of mootness is a threshold issue that a court must address before it reaches the substantive issues of a case." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019).  "The courts will generally refrain from deciding issues that are moot, meaning it is impossible for the court to craft an order with any practical effect on the issue." *Moore v Genesee Co*, 337 Mich App 723, 726-727; 976 NW2d 921 (2021).  "Where the facts of a case make clear that a litigated issue has become moot, a court is, of course, bound to take note of such fact and dismiss the suit, even if the parties do not present the issue of mootness." *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 255 n 12; 701 NW2d 144 (2005).  Although there are exceptions for matters of public significance that may recur yet evade review, *Moore*, 337 Mich App at 727, or where a party might remain affected by collateral legal consequences, *Tchakarova*, 328 Mich App at 178-180, neither exception appears applicable in this matter.

Respondent, the children, and their father all reside in Texas.  This matter was commenced after respondent brought the children to Michigan for unclear reasons.  When the trial court removed the children from respondent's care, it placed them with their father, who returned them

---

[1] The father was never a respondent in this matter.

to Texas. Respondent also returned to Texas after the removal. Subsequently, the trial court dismissed the petition and terminated its jurisdiction. The trial court's order of dismissal indicated that it was "based on placement with father in Texas." It also stated that its "[p]rior orders remain in effect except as modified by this order." Nevertheless, by the order's plain terms, the court's jurisdiction was terminated except as to enforcement of "orders for reimbursement of court costs, fees, and other assessments" accrued up to the date of the order. Because the court no longer has any jurisdiction to exercise, it may not enter any additional orders. See *In re Long*, 326 Mich App 455, 460, 465; 927 NW2d 724 (2018). Even if we were to reverse the order authorizing the petition and removing the children, the trial court has no jurisdiction to grant respondent's request to order the children placed with her.

This appeal is therefore moot, and it is dismissed.

/s/ Sima G. Patel
/s/ Mark J. Cavanagh
/s/ James Robert Redford