*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* THOMAS, Minors.

UNPUBLISHED
January 4, 2024

No. 364249
Oakland Circuit Court
Family Division
LC No. 2009-757748-NA

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

In this child protective proceeding, the minor children, EET and MDT, by their Next Friend, E. Smith, appeal as of right the trial court's order declining to exercise jurisdiction over them and dismissing the petition to terminate the parental rights of respondents, their mother and father. We remand for appropriate findings of fact and articulation of a jurisdictional analysis that is amenable to appellate review.

## I. BACKGROUND

In November 2019, the Department of Health and Human Services ("the Department") petitioned to terminate respondents' parental rights to EET and MDT. The petition raised allegations of physical, educational, and medical neglect, improper supervision, and physical and sexual abuse. After several adjournments of the preliminary hearing to comply with the Indian Child Welfare Act, 25 USC 1901 *et seq*., and the Michigan Indian Family Preservation Act, MCL 712B.1 *et seq*., the trial court authorized the petition in February 2021. An adjudicative bench trial took more than seven months and concluded in February 2022. The trial court heard testimony from, among others, respondent-mother, respondent-father, the assigned CPS investigator, and MDT's teacher. Unfortunately, because of personal family matters, the trial court did not issue a decision until September 1, 2022. On that date, the court read into the record its opinion declining to take jurisdiction over the children. The court entered an order dismissing the petition, finding that the Department failed to establish by a preponderance of the evidence statutory grounds to exercise jurisdiction over the children.

This appeal on behalf of EET and MDT followed.[1]

## II. ANALYSIS

Next Friend E. Smith argues that the trial court erred when it declined to exercise jurisdiction over the minor children.[2]

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). The adjudicative phase determines whether the trial court can exercise jurisdiction over the children. *Id*. This process begins "when a petition is filed in the trial court that contains facts constituting an offense against a child under MCL 712A.2(b) of the juvenile code, MCL 712A.1 *et seq*." *In re Long*, 326 Mich App 455, 459; 927 NW2d 724 (2018). After a petition has been filed, "the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations [in the petition] are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019). If the court authorizes the petition, the respondent-parent can demand a trial to contest its merits. *Sanders*, 495 Mich at 405. Following a trial, the court may exercise jurisdiction if the Department proves "by a preponderance of the evidence one of more of the statutory grounds for jurisdiction alleged in the petition." *Id*.

Smith argues that a preponderance of the evidence supports the assumption of jurisdiction over EET and MDT. We conclude, however, that the trial court erred by failing to make adequate findings of fact and conclusions of law to properly articulate why the children did not come within its jurisdiction.

---

[1] After the trial court dismissed the petition, the then-appointed LGAL filed a claim of appeal on behalf of EET but mistakenly chose not to include MDT. The Department and the newly retained LGAL sought to correct this error by moving to reinstate MDT to the appeal. We granted this motion. *In re E.E. Thomas Minor*, unpublished order of the Court of Appeals, entered November 28, 2023 (Docket No. 364249).

[2] Respondents argue that this Court lacks jurisdiction over this appeal because the claim of appeal was not timely filed. Respondent-mother previously made this argument in a motion to dismiss, which this Court denied. *In re E. E. Thomas Minor,* unpublished order of the Court of Appeals, entered May 24, 2023 (Docket No. 364249). "Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review," *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 820 (2009), so we are not bound by this Court's unpublished order denying respondent-mother's motion to dismiss. That said, upon reexamination of the jurisdictional question, we conclude that our jurisdiction over this appeal is proper. Smith timely requested appointment of appellate counsel on December 12, 2022, after the trial court's order denying reconsideration. See MCR 3.993(D)(1). On December 16, 2022, the trial court entered an order appointing counsel, and the claim of appeal was timely filed within 21 days of that order under MCR 7.204(A)(1)(b).

We review a trial court's decision to exercise jurisdiction over a child for clear error in light of the court's findings of fact. *In re Kellogg,* 331 Mich App 249, 253; 952 NW2d 544 (2020). Clear-error review considers whether "the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* (cleaned up). Explicit in this Court's standard of review is the expectation that the trial court will review and weigh the evidence, and then make findings of fact. "The trial court's findings need not be extensive; 'brief, definite, and pertinent findings and conclusions on contested matters are sufficient.' " *In re MJC,* ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 365616); slip op at 10, quoting MCR 3.977(I)(1). But in this case, the trial court did not satisfy these minimal requirements.

The adjudicative trial was held over eight days between July 2021 and February 2022. After the parties presented their closing arguments, the trial court took the matter under advisement. In September 2022, the court held a hearing to announce its decision on the record. At the outset, the court identified the witnesses and the relevant jurisdictional statutes. The court then noted that several of the allegations in the petition were undisputed—those related to respondents' prior CPS history and the prior termination of respondent-mother's parental rights to six other children. The remaining allegations in the petition were considered disputed. The court then read each allegation into the record and summarized, in great detail, trial testimony that was arguably related to the allegation. The court, however, did not engage in any analysis of the evidence, announce any credibility determinations, or otherwise make any findings of fact about the disputed matters.[3] The court simply summarized the testimony of each witness. When it was done with this exercise, the court abruptly concluded, without any analysis, that the Department failed to establish by a preponderance of the evidence that the children came within the court's jurisdiction. Although the court reached a decision on jurisdiction, it did not make adequate findings of fact to permit meaningful appellate review of its decision. That is, the trial court did not explain how it resolved the many disputed issues to enable this Court to understand why it determined that the evidentiary record did not warrant the assumption of jurisdiction.

The nature of the court's analysis renders the record inadequate for appellate review. Under the circumstances, remand is necessary to correct the trial court's omissions. We are mindful that these proceedings have been ongoing for an extraordinary amount of time. Nonetheless, the trial court's cursory conclusion, nestled within a remarkably lengthy recitation of trial testimony, provides little in terms of facilitating meaningful appellate review. This is particularly true given that this Court is charged with reviewing the trial court's decision for clear error *in light of the court's findings of fact. Kellogg,* 331 Mich App at 253. Despite acknowledging that there were several disputed issues, the trial court made no findings of fact or credibility

---

[3] There is one instance in the record where it may appear that the court made a finding of fact that an allegation that respondent-mother failed to seek dental care for MDT was untrue. The trial court stated: "Therefore, the statement in the Petition . . . that was alleged that she refused to seek dental care for [MDT] and he was not participating in a course of treatment was not true." Considered in context, the court was summarizing respondent-mother's testimony in which she denied the allegation that she refused to take MDT for dental work. The trial court did not make a factual finding on the allegations of dental neglect.

-3-

determinations to reveal how it resolved these issues.  Accordingly, while retaining jurisdiction, we remand this matter to the trial court for it to make appropriate findings of fact and to articulate a jurisdictional analysis that is amenable to appellate review.  In its discretion, the trial court may expand the record with up-to-date information, including testimony, relevant to the question of whether the court should take jurisdiction over the minor children.

Remanded for further proceedings consistent with this opinion.  We retain jurisdiction.


/s/ Elizabeth L. Gleicher
/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado

# Court of Appeals, State of Michigan

## ORDER

IN RE THOMAS MINORS

Docket No.    364249

LC No.        2009-757748-NA

Elizabeth L. Gleicher
Presiding Judge

Kristina Robinson Garrett

Allie Greenleaf Maldonado
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall be given priority, and the trial court shall hear and decide the matter within 28 days of the date of this order. As stated in the accompanying opinion, the trial court shall make detailed findings of fact regarding the disputed matters in this case, analyze the evidence, announce any credibility determinations related to its factual findings, and articulate a jurisdictional analysis amendable to appellate review. In its discretion, the trial court may expand the record with up-to-date information, including testimony, relevant to the question of whether the court should take jurisdiction over the minor children.

The trial court shall order a transcript of any hearing on remand to be prepared at public expense and filed within 21 days after completion of the proceedings.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

Appellants and appellees may file supplemental briefs addressing the issues raised on remand within 21 days after the date of entry of the trial court's order deciding the matter or the date the transcript is filed, whichever is later.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 4, 2024
Date

_____
Chief Clerk