*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re STOREY, Minors.

UNPUBLISHED
July 18, 2024

No. 367053
Macomb Circuit Court
Family Division
LC Nos. 2022-000128-NA;
　　　　　2022-000129-NA

Before: LETICA, P.J., and BOONSTRA and MARIANI, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating his parental rights to his minor children, SMLS and PES, under MCL 712A.19b(3)(b)(*i*) and (k)(*ix*). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On May 27, 2022, a Children's Protective Services (CPS) worker filed a temporary custody petition in the trial court on behalf of petitioner, the Michigan Department of Health and Human Services (DHHS) (the original petition), requesting that the trial court take jurisdiction over SMLS and PES under MCL 712A.2(b)(1) (failure to provide proper care and custody due to neglect or abandonment), and (2) (unfit home environment due to neglect), and remove the children from respondent's care. The petition alleged that respondent had sexually abused SMLS. Specifically, the petition stated that on January 19, 2022, CPS had received a complaint of sexual abuse; an investigator had spoken with BK, the children's biological mother, who stated that SMLS had disclosed the abuse to her on January 18, 2022. Respondent had not seen either child in approximately three years,[1] but had recently been trying to gain custody of SMLS. BK reported that SMLS had told her that she was having anxiety about seeing respondent again. SMLS told BK that respondent had touched her chest and vagina on several occasions and had made her touch his penis. SMLS told BK that she had told respondent to stop, but that respondent had refused and

---

[1] Respondent was charged with criminal sexual conduct in an unrelated matter in 2019, and was ordered not to have contact with any children under the age of 18. These charges were later dropped.

told SMLS that "she better not tell anyone." The petition further stated that SMLS was forensically interviewed at "Care House" on February 9, 2022 and had reported multiple incidents of sexual abuse, but that she did not remember exactly how old she was when the incidents occurred; SMLS estimated that she was about five years old when the abuse began. She told interviewers that, in addition to the inappropriate touching, she was also exposed to respondent's penis in the shower. PES was also forensically interviewed on February 9, 2022 and made no disclosures of abuse by respondent. Criminal charges were not filed against respondent.

On January 18, 2023, the children's lawyer-guardian ad litem (LGAL) filed a permanent custody petition in the trial court (the supplemental petition), requesting that the trial court take jurisdiction over SMLS and PES under MCL 712A.2(b)(1) and (2) and terminate respondent's parental rights to SMLS and PES under MCL 712A.19b(3)(b)(*i*), (g) (failure to provide proper care or custody), (j) (reasonable likelihood of harm if returned to parent), and (k)(*ix*). This petition contained the same factual allegations as the original DHHS petition.

An adjudication hearing was held in June 2023. Respondent stated that he wished to enter a plea of no contest to the trial court's jurisdiction. The trial court asked whether respondent was pleading to jurisdiction under the original petition, and respondent's counsel said "yes," but the LGAL noted that the petitions contained identical factual allegations. The trial court asked respondent whether he understood what he was pleading no contest to, and respondent said "yes." Respondent pleaded no contest to the factual allegations contained in the original petition, which were identical to the allegations in the supplemental petition. The trial court accepted the plea, finding that it was knowingly, freely, and voluntarily made. The trial court stated that a dispositional hearing would be set for the next day, when it would "do [its] trial." The LGAL stated that the hearing the next day was for determining whether statutory grounds and best interests for termination were established, and the trial court agreed. The trial court noted that it was "a little confusing" because there normally are not two pending petitions. The trial court, however, then described that there is only one petition, but that DHHS and the LGAL have different opinions as to how the case should end. The trial court stated that the case was "bifurcated because there's two different opinions as to how this should end." In essence, the dispositional hearing would establish whether respondent's parental rights would be terminated immediately or whether respondent would receive a case service plan and court-ordered services. No party placed any objections on the record.

After the dispositional hearing the following day, the trial court issued a written opinion stating that respondent had pleaded no contest to adjudication on both petitions that were filed. The trial court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*) and (k)(*ix*), determining that there was clear and convincing evidence that respondent had sexually abused SMLS on multiple occasions, that respondent's treatment of SMLS was probative of how he would treat PES, and that there was a reasonable likelihood that both SMLS and PES would suffer from abuse in the foreseeable future if placed in respondent's care and custody. The trial court did not consider the remaining statutory grounds for termination because it only needed to find clear and convincing evidence of one ground to terminate respondent's parental rights. The trial court held that it was in the children's best interests to terminate respondent's parental rights, noting that it was undisputed that respondent had not had contact with the children for more than three years and there was no bond between respondent and the children. Additionally, both children were

doing well in their mother's care and needed the permanence and stability of a safe home without fear of being subject to future abuse by respondent.

This appeal followed.

## II. JURISDICTION AND PLEA

Respondent argues that the trial court erred when it exercised its jurisdiction regarding the supplemental petition for permanent custody, as opposed to finding jurisdiction only for the original petition for temporary custody filed by DHHS. Alternatively, if the trial court did not err by exercising jurisdiction under both petitions, he argues that his no-contest plea was involuntary and not made knowingly and understandingly. We disagree with both arguments.

Respondent did not move to withdraw his plea and did not object to the plea procedures in the trial court. Therefore, the issue is unpreserved. *In re Pederson*, 331 Mich App 445, 462; 951 NW2d 704 (2020). "[A]djudication errors raised after the trial court has terminated parental rights are reviewed for plain error." *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019).[2] Respondent must establish that "(1) error occurred; (2) the error was 'plain,' i.e., clear or obvious; and (3) the plain error affected [his] substantial rights." *Id*. The error must also have seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id*.

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). The trial court determines whether to take jurisdiction over the child during the adjudicative phase; once the trial court has jurisdiction, it determines during the dispositional phase what course of action will ensure the child's safety and well-being. *Id*. A respondent may make a plea of no contest to the allegations in a petition under MCR 3.971, which if accepted, establishes jurisdiction under MCL 712A.2(b). *In re Baham*, 331 Mich App 737, 745-746; 954 NW2d 529 (2020). To exercise its jurisdiction, the trial court must find that a statutory basis exists for the exercise of jurisdiction under MCL 712A.2(b). *Id*. at 746. A plea to the allegations in a petition must be voluntary and accurate under MCR 3.971(D), which states:

(1) *Voluntary Plea*. The court shall not accept a plea of admission or of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made.

(2) *Accurate Plea*. The court shall not accept a plea of admission or of no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent unless the offer is to plead no contest. If the plea is no contest, the court shall not question the respondent, but, by some other means, shall obtain support for a finding that one or

---

[2] Although this Court recently eliminated the use of the plain-error test in civil cases, that decision is not applicable to termination of parental rights cases. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 5 n 3.

more of the statutory grounds alleged in the petition are true. The court shall state
why a plea of no contest is appropriate.

Respondent argues that he only pled no contest to the DHHS petition for temporary custody, not the LGAL's petition for permanent custody. Therefore, the trial court was prohibited from moving forward to a statutory grounds and best interests hearing. We disagree.

As stated, there were two authorized petitions before the trial court for adjudication, both of which included identical factual allegations that respondent had sexually abused SMLS. The trial court properly informed respondent of his advice of rights and of the possible dispositional outcomes of each petition: that respondent would be ordered to complete a service plan or that he could face termination of his parental rights. Respondent was expressly informed that his plea was only for jurisdiction and had nothing to do with disposition. Further, respondent was aware that a dispositional hearing on statutory grounds and best interests, that could result in termination, would take place the next day. The trial court relied on the factual allegations to which respondent pled to support its finding of jurisdiction under MCL 712A.2(b). Whether respondent believed he was pleading no contest to the allegations of one petition or the other was irrelevant, because it was the *allegations* to which he pled, and the allegations that supported the trial court's establishment of jurisdiction were the same for both petitions. Once the trial court's jurisdiction over the children and respondent's parental rights was established, it had the power to move into the dispositional phase and determine whether termination of respondent's parental rights was appropriate. *Sanders*, 495 Mich at 404; see also MCL 712A.19b(5). The trial court also specifically noted that it viewed the petitions as one and the same, and that the case was being bifurcated to account for the different requests for disposition. The trial court did not hold a separate adjudication on each petition, and correctly relied on respondent's plea to adjudicate both petitions. It was abundantly clear that the trial court was moving on to a dispositional hearing where it would hear testimony on statutory grounds for termination and best interests. Respondent, and all other parties, were aware of this and accepted that the trial court was exercising jurisdiction on both petitions, which was necessary to proceed.[3]

Respondent alternatively argues that he should be permitted to withdraw his plea if the trial court did not err by proceeding to disposition on both petitions. We disagree. It was made clear to all parties at the adjudication that a dispositional hearing on both petitions would occur the next day. There were no objections to this, no questions, and all parties appeared comfortable with proceeding to the hearing. It was made clear that the trial court would be making the determination of whether to immediately terminate respondent's parental rights or instead order a case service plan to be completed by respondent. Respondent had numerous opportunities to object to the proceedings while they were ongoing. If respondent believed that his plea was only valid for establishing jurisdiction on the DHHS petition, it should have been alarming to him for the trial

---

[3] Even if the trial court had erred by proceeding to disposition on both petitions after respondent's plea, it is clear from the record that respondent and his counsel were informed that disposition on both petitions would occur the following day, yet no party objected to those proceedings. Parties are generally not permitted to harbor error as an appellate parachute. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

court to move directly to a termination hearing, yet he did not object; instead, respondent's counsel focused on the trial court's impending decision on whether it would order services or immediately terminate respondent's parental rights. The record shows that all of the parties involved were well aware of the stakes of the hearing and understood that jurisdiction had been found on both petitions. Respondent has not demonstrated plain error in the plea-taking process that warrants withdrawal of his plea. *Pederson*, 331 Mich App at 462.

The trial court's order terminating respondent's parental rights is not void because the trial court properly exercised jurisdiction over both petitions. *In re Long*, 326 Mich App 455, 465; 927 NW2d 724 (2018) (stating that all orders based off a wrongful assumption of jurisdiction are void). Further, the trial court did not plainly err when it accepted respondent's no-contest plea because it was made knowingly, understandingly, and voluntarily. *Pederson*, 331 Mich App at 462.

### III. BEST-INTEREST DETERMINATION

Respondent argues that the trial court clearly erred by finding that it was in the children's best interests to terminate his parental rights.[4] We disagree.

"Even if the trial court finds that [petitioner] has established a ground for termination by clear and convincing evidence, it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). This Court reviews a trial court's best-interest determination for clear error. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). In making its determination, the trial court may consider the following:

> [T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. Other considerations include the length of time the child was in care, the likelihood that the child could be returned to her parents' home within the foreseeable future, if at all, and compliance with the case service plan. [*In re Atchley*, 341 Mich App 332, 346-347; 990 NW2d 685 (2022), quoting *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63; 874 NW2d 205 (2015) (quotation marks and citation omitted).]

---

[4] Respondent does not challenge the trial court's determination that statutory grounds for termination existed.

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).

Respondent argues that there was insufficient evidence to support the trial court's determination that it was in the children's best interests to terminate his parental rights, because the only evidence provided on the issue was one reference to a lack of a bond between respondent and the children. We disagree. The trial court found SMLS's testimony detailing respondent's sexual abuse to be credible, and heard that SMLS was both fearful of respondent and was adamantly opposed to any contact with him. The trial court also heard testimony regarding each child's mental health diagnosis and that neither child had a bond with respondent, as well as testimony regarding their placement with their mother and their need for stability and permanence.

We are not left with a definite and firm conviction that a mistake was made by the trial court. The trial court heard detailed testimony from SMLS describing how respondent forced her to touch his genitals and how he touched hers. The trial court also heard testimony that SMLS has panic attacks, and both SMLS and PES were diagnosed with mental health disorders. There was testimony that neither child has a bond with respondent, who they have not had contact with for more than three years. The trial court properly determined SMLS and PES deserved to have stability and permanence and would not receive such if respondent was allowed to keep his parental rights. The record supports the trial court's findings regarding the children's best interests. *Atchley*, 341 Mich App at 346-347.

Affirmed.

/s/ Anica Letica
/s/ Mark T. Boonstra
/s/ Philip P. Mariani

-6-